O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TEDRA E. BONUCCHI, | ) | NO. CV 06-6018-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on September 22, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

1  October 19, 2006.  Plaintiff filed a motion for summary judgment on
2  March 7, 2007.  Defendant filed a motion for summary judgment on
3  April 4, 2007.  The Court has taken both motions under submission
4  without oral argument.  See L.R. 7-15; "Order," filed September 26,
5  2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

The Administration found Plaintiff disabled beginning September 22, 1992, as a result of, inter alia, severe mental impairments (Administrative Record ("A.R.") 313-16).  The Administration later found Plaintiff also disabled on and after November 4, 2004 (A.R. 17).  However, in the decision presently under review, the Administration found that, between July 1, 2002 and November 4, 2004, Plaintiff had no severe impairment whatsoever (A.R. 8-10, 15-20).  The Administration made this non-severity finding notwithstanding the July 13, 2002 opinions of a consultative examining psychiatrist that Plaintiff had a Global Assessment of Function ("GAF") of 50 and "may have moderate impairment in doing detailed and complex tasks" (A.R. 551-52).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

2

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.
>
> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

process. SSR 85-28 at 22-23.

See also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (error to find impairment not severe when medical evidence is "ambiguous"); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish [ ]" the non-severity of Plaintiff's alleged mental impairments. "A GAF between 41 and 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Morgan v. Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999); see also Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001) (GAF of 45 "is indicative of a disabling level of impairment"). Moreover, "moderate" restriction in performing "detailed and complex tasks" also would appear to suggest an impairment that is "severe," within the meaning of SSR 85-28. See Cuevas v. Apfel, 1999 WL 76789 *2 (N.D. Cal. Feb. 8, 1999) (claimant's "severe" impairment restricted claimant to "simple and repetitive tasks"). No medical evidence "clearly establishes" the improbable proposition that Plaintiff's mental impairments, which were disabling before July 1, 2002, and on and after November 4, 2004, were not even severe between those dates.

In arguing to uphold the Administration's non-severity finding, Defendant points out that in Morgan v. Commissioner, the

1 claimant was found not disabled despite GAF scores ranging from 49 to
2 61 (Defendant's Motion at 4).  Defendant neglects to point out,
3 however, that the Administration found the claimant in Morgan v.
4 Commissioner to have severe mental impairments.  Morgan v.
5 Commissioner, 169 F.3d at 599.

7       When a court reverses an administrative determination, "the
8 proper course, except in rare circumstances, is to remand to the
9 agency for additional investigation or explanation." INS v. Ventura,
10 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
11 proper where, as here, additional administrative proceedings could
12 remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
13 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
14 1496, 1497 (9th Cir. 1984).
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 11, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.